## Wytheville.

OSBORNE AND OTHERS v. KAMMER AND OTHERS.

JULY 7, 1898.

Absent, Cardwell, J.

1. MANDAMUS TO COMPEL LEVY OF CITY TAXES—*Parties—Who may Apply for Writ of Error.*—The duty of levying taxes to pay the debts of a city is a corporate duty of the city council, which it may be compelled to perform by *mandamus.* The members of the council in their capacity of councilmen may be proceeded against for contempt, for failure to obey an order of a court of competent jurisdiction directing a levy to be made, but an order directing the councilmen to make the levy is none the less an order to the city council in its corporate capacity. To such an order the councilmen in their corporate capacity alone can apply for a writ of error.

Error to a judgment of the Circuit Court of Montgomery county rendered at its May term, 1896, in a proceeding by *mandamus,* wherein the defendants in error were the plaintiffs, and the plaintiffs in error and others were the defendants.

*Writ dismissed.*

The opinion states the case.

*Fulkerson, Page & Hurt,* for the plaintiffs in error.

*Phlegar & Johnson,* for the defendants in error.

BUCHANAN, J., delivered the opinion of the court.

William Kammer filed, in the Hustings Court of the city of Radford, his petition (which was afterwards removed to the Circuit Court for Montgomery county) praying for a writ of *mandamus* to compel the city of Radford and its council (naming the persons who composed the council) to levy taxes, and make an appropriation therefrom to pay interest due on certain bonds of the city held by him.

The city did not answer the petition. The members of the council filed two answers; those in the East ward uniting in one, and those living in the West ward in the other.

Upon the hearing of the cause the court was of opinion that the answers were insufficient, and awarded a peremptory *mandamus*, directed to the persons composing the council, commanding them, and each of them, as members of the council, to levy a tax on all taxable property, real and personal, in the city, at an uniform rate, sufficient to pay the petitioner's interest.

To that judgment this writ of error was awarded upon the petition of five of the twelve members of the city council.

The plaintiffs in error were not parties to the proceeding in the Circuit Court, except as members of the city council in its corporate capacity. The *mandamus* was directed to them, and each of them, as members of the city council, and not to them individually, or as representatives of the wards of the city. The duty to be performed was a corporate duty. The city council was the body created and organized for the express purpose of doing the duty, among others, which the creditor sought to have done. If the members of the council failed to obey the order of the court, those who were guilty of the disobedience could have been punished for the contempt, but it was none the less an order to the city council in its corporate capacity. *Leavenworth County* v. *Sellew*, 99 U. S. 624; 2 Dillon on Mun. Corp., sec. 961 (4th Ed).

If the members of the council were not satisfied with the action of the Circuit Court, and desired to have its judgment

reviewed by this court, they could do so by applying for and prosecuting their writ of error in their corporate capacity, but not in their individual capacity, nor as the representatives of either ward of the city, for in those capacities they were not parties to the action. To entitle any person to a writ of error, or an appeal, he must be a party to the cause, and must be aggrieved by the judgment or decree. Code, sec. 3454; *Board of Supervisors of Culpeper* v. *Gorrell, &c.*, 20 Gratt. 484.

The writ of error must be dismissed as improvidently awarded.

*Dismissed.*